No. 98-715

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 102

294 Mont. 296

980 P.2d 1058

STATE OF MONTANA,

Plaintiff and Respondent,

v.

EARL HECTOR BOUCHER,

Defendant and Appellant.

No

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Ted O. Lympus, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel R. Wilson, Attorney at Law, Kalispell, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Thomas J. Esch, County Attorney, Livingston, Montana

Submitted on Briefs: April 29, 1999

Decided: May 18, 1999

No

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Earl Hector Boucher filed a petition for post-conviction relief with this Court seeking relief from a sentence imposed by the Eleventh Judicial District Court, Flathead County. In an Order dated January 27, 1998, we denied two of Boucher's claims and reserved decision on the remaining claim of ineffective assistance of counsel pending an evidentiary hearing before the District Court. Having reviewed the District Court's findings and conclusions and the supplemental briefs filed by the parties, we now deny Boucher's remaining claim for post-conviction relief.**

<u>ISSUES</u>

**¶2. 1. Did the District Court err in limiting the evidentiary hearing to the issue of whether defense counsel failed to formulate a defense by not investigating the victim's history of false accusations of sexual assault?**

**¶3. 2. Did the District Court err in denying Boucher's motion to amend the pleadings?**

**¶4. 3. Were the findings and conclusions of the District Court regarding Boucher's claim of ineffective assistance of counsel in error?**

## BACKGROUND

¶5. Upon his plea of guilty to a charge of sexual assault against his thirteen-year-old stepdaughter, the District Court sentenced Boucher to twenty years in the Montana State Prison and designated him as dangerous for purposes of parole. Boucher subsequently filed a post-conviction petition before this Court, asserting three grounds for relief. We denied two of Boucher's claims and ordered an evidentiary hearing before the District Court on Boucher's remaining claim that he was denied effective assistance of counsel due to counsel's failure to investigate and formulate a defense based upon the victim's history of making false accusations of sexual assault.

¶6. During the evidentiary hearing before the District Court, Boucher attempted to introduce evidence that his guilty plea was entered as a result of counsel's ineffective assistance, not only in failing to investigate the victim's history of false accusations, but also in failing to prepare for the trial generally and in failing to challenge Boucher's confession in light of the witness's recantation and Boucher's assertion that his confession had been coerced. Relying on the instructions set forth in the order of this Court, the District Court disallowed introduction of any evidence of ineffective assistance of counsel not related to counsel's failure to investigate the victim's prior history. Boucher moved the District Court to amend his petition to include allegations that counsel was ineffective for the additional reasons set forth above, and this motion was denied. Boucher appeals the District Court's denial of his motion to amend his petition and its findings and conclusions regarding his claim of ineffective assistance of counsel.

## DISCUSSION

¶7. 1. Did the District Court err in limiting the evidentiary hearing to the issue of whether defense counsel failed to formulate a defense by not investigating the victim's history of false accusations of sexual assault?

¶8. Boucher argues that the District Court erred in refusing his offer of evidence that

trial counsel rendered ineffective assistance in not being properly prepared to go to trial and in failing to challenge Boucher's confession before the District Court. We disagree.

¶9. In ordering an evidentiary hearing on Boucher's claim of ineffective assistance of counsel, this Court stated:

Petitioner also alleges that his attorney did not investigate the victim's history and did not formulate a defense. He states that an investigation would have revealed that in the past the stepdaughter had falsely accused others of similar conduct. Petitioner's allegations of error involve the failure of counsel to act. Because they involve omissions rather than commissions, we cannot say that "the files and records of the case conclusively show that the petitioner is not entitled to relief . . . ." Section 36-21-201(1)(a), MCA. We thus hold that his allegations are sufficient to require an evidentiary hearing on this issue.

¶10. By its terms, our order limited the scope of the evidentiary hearing to the question presented to us in Boucher's petition for post-conviction relief. A trial court is not free to ignore the mandate and opinion of the reviewing court, but must proceed in conformity with the views expressed by the appellate court. *Haines Pipeline Const., Inc. v. Montana Power Co.* (1994), 265 Mont. 282, 290, 876 P.2d 632, 637 (citations omitted). We therefore hold that the District Court did not err in refusing Boucher's offer of evidence on issues not related to the issue set forth in our order of remand.

¶11. 2. Did the District Court err in denying Boucher's motion to amend the pleadings?

¶12. Boucher argues that the District Court abused its discretion in denying his motion to amend his petition to include additional claims of ineffective assistance of counsel not asserted in his original pleading because the amendment would not have generated prejudice to the State. The District Court determined that because the matter was before it on remand from this Court, the scope of the court's inquiry was limited to the issue specified in the order of remand regardless of whether an amendment would generate prejudice to the State. We agree with the reasoning of the District Court.

¶13. The case *sub judice* is distinguishable from those cases in which we have held that the district court has the discretion to grant or deny a motion to amend a post-conviction petition, because of the different procedural posture of those cases. Where a post-conviction petition is filed directly before the district court, that court has original jurisdiction over the pleadings and may, in its discretion, grant or deny a motion to amend the petition. *See Bone v. State* (1997), 284 Mont. 293, 302, 944 P.2d 734, 739; *Kills on Top v. State* (1996), 279 Mont. 384, 387, 928 P.2d 182, 186. However, Boucher's petition was not filed before the district court, it was filed before this Court.

¶14. In *Hans v. State* (1997), 283 Mont. 379, 410, 942 P.2d 674, 693, a petition for post-conviction relief was filed before this Court and subsequently remanded to the district court for an evidentiary hearing. Following a review of the district court's findings and conclusions of law, this Court granted the petitioner leave to amend his petition for the purpose of fully addressing issues raised but not sufficiently briefed in the original petition. However, unlike the petitioner in *Hans*, Boucher did not request leave of this Court to amend his pleading to include allegations not included in his original petition.

¶15. We hold that the District Court did not err in concluding that it did not have authority to grant Boucher's motion to amend pleadings on a petition over which this Court has original jurisdiction. We therefore affirm the District Court's denial of Boucher's motion to amend his pleading.

¶16. 3. Were the findings and conclusions of the District Court regarding Boucher's claim of ineffective assistance of counsel in error?

¶17. Because this Court has original jurisdiction over the post-conviction petition filed by Boucher, we do not review the District Court's denial of Boucher's petition for post-conviction relief; instead, we review the District Court's findings of fact and conclusions of law regarding Boucher's claim of ineffective assistance of counsel. *Hans*, 283 Mont. at 391, 942 P.2d at 681. Our review of a district court's findings of fact is whether they are clearly erroneous, and our review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Hans*, 283 Mont. at 391, 942 P.2d at 681.

¶18. In considering ineffective assistance of counsel claims in post-conviction proceedings, Montana courts apply the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See State v. Hagen* (1995), 273 Mont. 432, 440, 903 P.2d 1381, 1386. Under that test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hagen*, 273 Mont. at 440, 903 P.2d at 1386. In the context of a guilty plea, prejudice is shown where the petitioner can demonstrate that, but for counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *Bishop v. State* (1992), 254 Mont. 100, 106, 835 P.2d 732, 736.

¶19. In its Findings of Fact, Conclusions of Law and Order, the District Court determined that Boucher failed to demonstrate either that trial counsel's performance had been deficient or that, but for the alleged deficiencies, Boucher would not have pled guilty to sexual assault. The District Court based its conclusions in part upon its determination that Boucher's testimony at the evidentiary hearing conflicted with his testimony under oath at the change of plea hearing and that therefore his testimony was not credible. A determination of the credibility to be afforded to evidence is exclusively within the province of the finder of fact and will not be disturbed by this Court on appeal. *State v. Flack* (1993), 260 Mont. 181, 188, 860 P.2d 89, 94.

¶20. Our review of the record reveals that there is substantial credible evidence to support the findings of the District Court and that those findings are not otherwise erroneous. Moreover, we hold that the District Court's conclusions of law are not in error. For these reasons, we affirm the findings and conclusions of the District Court and hold that Boucher's claim of ineffective assistance of counsel is without merit. Petition is dismissed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON