No. 99-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 63

299 Mont. 57

997 P. 2d 773

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEVEN D'AMICO, a/k/a STEVEN SCHOLZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Steven D'Amico, Pro Se, Deer Lodge, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Thomas J. Esch, County Attorney; Ed Corrigan, Deputy County

Attorney, Kalispell, Montana

_____

Submitted on Briefs: November 4, 1999

Decided: March 15, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1.Steven D'Amico, a/k/a Steven Scholz, (D'Amico) appeals from an order denying his petition for postconviction relief entered by the Eleventh Judicial District Court, Flathead County. The sole issue presented on appeal is whether the District Court erred in denying D'Amico's Petition for Postconviction Relief. We affirm.

BACKGROUND

¶2.In Cause No. DC-95-304(A), D'Amico pled guilty to the offense of criminal mischief, a felony, on September 12, 1996. On November 18, 1996, D'Amico was charged by Information in Cause No. DC-96-313(A) with theft, a felony, and obstructing a peace officer, a misdemeanor. On January 6, 1997, D'Amico was charged by Information in Cause No. DC-96-360(A) with two counts of felony theft. On May 29, 1997, D'Amico pled guilty to one count of felony theft in Cause No. DC-96-360(A) in exchange for dismissal of the pending charges in Cause No. DC-96-313(A) and dismissal of the second count of felony theft in Cause No. DC-96-360(A). On June 18, 1997, D'Amico was charged by Information in Cause No. DC-97-145(B) with two counts of burglary.

¶3.As a result of the new charges, D'Amico entered into an Acknowledgment of Rights and Pre-Trial Agreement with the State regarding Cause Nos. DC-95-304(A), DC-96-360 (A), and DC-97-145(B) on September 11, 1997. As part of the agreement, D'Amico agreed to allow the State to refile and to plead guilty to the charge of felony theft that had previously been dismissed in Cause No. DC-96-360(A) in exchange for dismissal of the

two counts of burglary in Cause No. DC-97-145(B) and certain sentencing recommendations by the State.

¶4. On that same date, the parties were present in court for the purpose of a change of plea and sentencing regarding Cause Nos. DC-95-304(A), DC-96-360(A), and DC-97-145(B), during which the District Court sentenced D'Amico in accordance with the bargained-for recommendations. Based on D'Amico's plea of guilty to the offense of criminal mischief in Cause No. DC-95-304(A), he received a 10-year suspended sentence. With regard to Cause Nos. DC-96-360(A) and DC-97-145(B), D'Amico allowed the State to refile and pled guilty to the second count of felony theft in Cause No. DC-96-360(A) in exchange for dismissal of Cause No. DC-97-145(B) involving two counts of burglary. D'Amico was sentenced to 10 years incarceration, 5 years for each count of felony theft in Cause No. DC-96-360(A) to run consecutively. On September 21, 1997, the District Court entered a Judgment and Sentence memorializing the terms and conditions of D'Amico's sentences imposed during the September 11, 1997, hearing.

¶5. On July 15, 1998, D'Amico filed a Petition for Postconviction Relief alleging that the State had breached the terms of a plea agreement and that he had received ineffective assistance of counsel. D'Amico requested the District Court to allow him to withdraw his guilty plea to the second count of felony theft in Cause No. DC-96-360(A) or to resentence him with the State limited to a recommendation of 15 years incarceration.

¶6. The District Court denied D'Amico's Petition for Postconviction relief, finding his arguments to be without merit. In doing so, the District Court stated that it was clear the refiling of the second count of felony theft in Cause No. DC-96-360(A), D'Amico's plea of guilty, and the sentence imposed were accomplished in conformity with the plea agreement in effect on September 11, 1997. In addition, the District Court pointed out that D'Amico's arguments regarding ineffective assistance of counsel should have been raised on direct appeal to this Court and his failure to do so rendered them procedurally barred in the proceeding for postconviction relief. D'Amico appeals from the District Court's denial of his Petition for Postconviction Relief.

## STANDARD OF REVIEW

¶7. The standard of review of a district court's denial of a petition for postconviction relief is whether substantial evidence supports the findings and conclusions of the district court. We review the district court's findings to determine if they are clearly erroneous and we

review the district court's conclusions to determine if they are correct. *See State v. Wilson*, 1999 MT 52, ¶ 11, 293 Mont. 429, ¶ 11, 976 P.2d 962, ¶ 11 (citations omitted).

## DISCUSSION

¶8. Whether the District Court erred in denying D'Amico's Petition for Postconviction Relief?

¶9. D'Amico argues that the District Court's findings are not supported by substantial evidence and the District Court's legal conclusions are incorrect. D'Amico claims that the State breached the May 29, 1997, plea agreement, not the September 11, 1997, plea agreement. In particular, D'Amico contends that on May 29, 1997, he agreed to plead guilty to one count of felony theft in exchange for dismissal of the other count of felony theft.

¶10. D'Amico also alleges that he was denied effective assistance of counsel when his attorney failed to object to the refiling of the second felony theft count in Cause No. DC-96-360(A). D'Amico disputes that his claim of ineffective assistance of counsel is procedurally barred due to his failure to raise it on direct appeal since his counsel failed to advise him of his right to appeal.

¶11. In response, the State alleges that by entering a guilty plea D'Amico waived any claim that the refiled charge of felony theft was a violation of the May 29, 1997, plea agreement. The State goes on to state that the September 11, 1997, plea agreement was a modification of the May 29, 1997, plea agreement that was supported by consideration. In addition, the State points out that this Court has long held that it will refuse to lend its assistance to a person accused of a crime in escaping the obligations of a plea bargain agreement after accepting its benefits.

¶12. The plea bargain agreements between D'Amico and the State are contracts which are subject to contract law standards. *See State v. Keys*, 1999 MT 10, ¶ 18, 293 Mont. 81, ¶ 18, 973 P.2d 812, ¶ 18 (citation omitted). In addition, as the State correctly pointed out, we have held that we will not assist a defendant in escaping the obligations of his plea agreement after he has received its benefits. *See Keys*, ¶ 19.

¶13. Here, D'Amico and the State entered into a written Acknowledgment of Rights and Pre-trial Agreement on September 11, 1997. This agreement involved Cause Nos. DC-95-

304(A), DC-96-360(A), and DC-97-145(B), which modified the oral plea agreement regarding Cause Nos. DC-95-313(A) and DC-96-360(A) entered into on May 29, 1997.

¶14.An oral contract may be altered in any respect by consent of the parties in writing without new consideration and is extinguished by the writing to the extent of the new alteration. *See* § 28-2-1601, MCA. As part of the written agreement entered into on September 11, 1997, D'Amico agreed to allow the State to refile the second count of felony theft that had previously been dismissed in Cause No. DC-96-360(A) in accordance with the oral plea agreement entered into on May 29, 1997, in exchange for the dismissal of Cause No. DC-97-145(B) involving two counts of burglary. Accordingly, we conclude that the District Court correctly determined the written agreement entered into on September 11, 1997, to be a modification of the oral plea agreement entered into on May 29, 1997.

¶15.More importantly, D'Amico received the benefit of the dismissal of two counts of burglary in exchange for allowing the State to refile and agreeing to plead guilty to the second count of felony theft that had previously been dismissed. Consequently, we refuse to lend our assistance to D'Amico in escaping the obligations of the modified plea agreement after he has accepted its benefits.

¶16.Further, although not raised as a separate issue, D'Amico contends that he was denied effective assistance of counsel because his attorney failed to object to the refiling of the second count of felony theft. The State contends that there was no ineffective assistance of counsel. We agree with the State.

¶17.Our review of the record reveals D'Amico was provided effective assistance of counsel. His attorney was not required to object to the reinstatement of the second count of felony theft which was negotiated in exchange for dismissal of the two counts of burglary. Accordingly, we conclude that D'Amico was not denied effective assistance of counsel.

¶18.Affirmed.

/S/ JIM REGNIER

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY