No. 99-367

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 353

303 Mont. 258

15 P. 3d 479

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DARRIN WILLIAM CADY,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Larry D. Mansch, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Micheal S. Wellenstein,

Assistant Attorney General, Helena, Montana

George H. Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs: June 15, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Darrin William Cady appeals from the dismissal of his petition for postconviction relief by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in rejecting Cady's claim that he was denied effective assistance of counsel.

¶3 In March of 1996, Cady and another man were arrested in a Hamilton, Montana, motel room. The State of Montana charged Cady with possession of dangerous drugs with intent to sell and with use or possession of property subject to forfeiture. He pled not guilty to the charges.

¶4 Five months later, Cady amended his plea, pleading guilty to the possession charge under a plea agreement in which the State agreed to dismiss the other charge against him and not to seek a persistent felony offender designation. At his change of plea hearing, Cady suggested to the court that he might want a new attorney to investigate "some things [which had] come to [his] attention," without elaborating further. The court declined to appoint a new attorney without a showing that Cady's then-counsel was inadequately representing him. Cady also asked that his sentencing hearing be postponed so he could attend drug and alcohol counseling and undergo hernia surgery at the Fort Harrison Veterans Hospital (Fort Harrison) in Helena. The court granted that request.

¶5 The District Court continued the sentencing hearing for an additional two weeks at the request of Cady's counsel, to allow counsel time to obtain medical reports regarding Cady's treatment at Fort Harrison. Cady's attorney conducted a telephone conversation with Cady's drug and alcohol counselor at Fort Harrison before the sentencing hearing.

¶6 Consistent with the written plea agreement, the District Court sentenced Cady to 20 years at the Montana State Prison, with 12 years suspended, and recommended that he be placed at the Swan River Correctional Training Center.

¶7 In July of 1997, Cady filed a pro se petition for postconviction relief with this Court. We dismissed that petition without prejudice in light of the § 46-21-101(2), MCA, requirement that petitions for postconviction relief must be filed with the sentencing court. Accordingly, Cady refiled his petition in the District Court.

¶8 The District Court dismissed seven of the eight issues raised in Cady's petition on the basis that Cady could have raised them on appeal and, as a result, he had waived them for purposes of postconviction relief. *See* § 46-21-105(2), MCA. The court determined, however, that Cady was entitled to an evidentiary hearing on his allegations that he received ineffective assistance of counsel, and appointed new counsel to represent him for such a hearing. At the hearing, the court heard testimony from Cady, his trial counsel, and his sister. Following the hearing, the court denied Cady's ineffective assistance claims, and Cady appeals.

## Discussion

¶9 Did the District Court err in rejecting Cady's claim that he was denied effective assistance of counsel?

¶10 In considering ineffective assistance of counsel claims in postconviction proceedings, Montana courts apply the two-pronged test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See State v. Hagen* (1995), 273 Mont. 432, 440, 903 P.2d 1381, 1386. Under the *Strickland* test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hagen*, 273 Mont. at 440, 903 P.2d at 1386. In the context of a guilty plea, prejudice is established if the petitioner demonstrates that, but for his counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *Bishop v. State* (1992), 254 Mont. 100, 106, 835 P.2d 732, 736.

¶11 This Court's standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. D'Amico*, 2000 MT 63, ¶ 7, 299 Mont. 57, ¶ 7, 997 P.2d 773, ¶ 7. The credibility of witnesses and the weight to be given

their testimony are within the province of the trier of fact. *State v. Boucher*, 1999 MT 102, ¶ 19, 294 Mont. 296, ¶ 19, 980 P.2d 1058, ¶ 19.

¶12 Cady raises two claims of ineffective assistance. First, he argues that his attorney should have moved to withdraw the guilty plea immediately after the plea hearing when, according to Cady, he told his counsel he had been diagnosed as a schizophrenic and asked counsel to move to withdraw the plea. Second, Cady argues his counsel's performance was deficient because counsel allowed the District Court to sentence him without presenting his medical records from Fort Harrison. Cady contends that, based on the evidence at the hearing on his petition for postconviction relief, the District Court should have allowed him to withdraw his guilty plea and ordered a full psychiatric examination of him.

¶13 With regard to Cady's first argument, he testified at the postconviction hearing that he told his counsel immediately after the sentencing hearing that he had been diagnosed as a paranoid schizophrenic. His trial counsel testified, however, that the first time an issue of schizophrenia or other mental illness arose was in Cady's petition for postconviction relief. Counsel further testified that none of his pre-plea conversations with Cady, Cady's mother, or Cady's counselor at Fort Harrison had indicated that psychiatric issues might be present other than Cady's drug and alcohol addictions. He testified that, when Cady asked him immediately after the change of plea hearing if the guilty plea could be withdrawn, he advised Cady it would be extremely difficult to do so. According to Cady's counsel, Cady was not then angry, bitter, or incommunicative, but merely maintained the attitude he expressed at the plea hearing of wanting to "get this under the bridge."

¶14 The District Court found that Cady's counsel had a "tenured history of displaying competent expertise in representing and defending criminal defendants" and the record indicated counsel had thoroughly prepared this case for trial. In weighing the credibility of the evidence, the District Court found that no one-not Cady, his mother, or his health care providers-had informed his trial counsel of any psychiatric issues, much less that Cady had been diagnosed as a paranoid schizophrenic. Because that finding is supported by substantial evidence and is not otherwise clearly erroneous, we will not disturb it.

¶ 15 With regard to Cady's second argument, his postconviction counsel characterizes the Fort Harrison medical reports as "mak[ing] it clear over and over again that [Cady] suffered from delusional thinking and other serious mental health problems." In arguing that trial counsel rendered ineffective assistance by failing to act on the reports, he

speculates trial counsel may have failed to read, or have misread, them.

¶16 Trial counsel testified at the postconviction hearing that the partial written reports he had from Fort Harrison at the time of sentencing dealt only with Cady's substance abuse issues and hernia problem, and did not set forth psychiatric issues. He also testified that, while his efforts to obtain written medical reports from Fort Harrison prior to sentencing were largely unsuccessful, he spoke by telephone with Cady's drug and alcohol counselor at Fort Harrison, who reported that Cady had done well in the substance abuse program there and that his hernia had been repaired. The counselor did not mention any psychiatric problems.

¶17 Cady's trial counsel further testified at the postconviction hearing, however, that the Fort Harrison records he received in the summer of 1998 would have caused him to ask for a psychiatric examination of Cady had he received them earlier. As to that testimony, the District Court found after reviewing the medical records that they did not contain adequate persuasive documentation that an issue existed as to whether Cady lacked the requisite mental capacity at the time he entered his plea. The court found that Cady's medical records reflected that Cady exhibited delusional and paranoid thinking while he was an inpatient at Fort Harrison, but that a complete psychiatric evaluation and diagnosis was not done. Cady's medical care providers at Fort Harrison believed he was mentally competent to defend himself in the legal proceedings against him and to make informed voluntary decisions in that regard. The court further found that Cady had not, in fact, been diagnosed a paranoid schizophrenic. These findings are supported by substantial evidence in the record and are not otherwise clearly erroneous.

¶18 The District Court determined that Cady failed as a matter of law to establish reliable facts to support his claim of lack of mental capacity. On that basis, it concluded, "the record reflects that [Cady] is, and was, mentally competent to make informed voluntary decisions on his own behalf throughout these legal proceedings." We hold the District Court's conclusion is correct.

¶19 As a final matter, Cady asserts he should have been allowed to withdraw his guilty plea after the postconviction hearing and the court should have ordered a psychiatric examination of him at that time. The assertions however, are more in the nature of requests for remedies than claims of ineffective assistance of counsel. Cady having failed to establish that he was denied the effective assistance of counsel, we hold that the District Court did not err in declining to provide these remedies.

¶20 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART