No. 00-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 71N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ERNIE BEAVERS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Jr., Attorney at Law, Great Falls, Montana

For Respondent:

Mike McGrath, Attorney General; C. Mark Fowler, Assistant

Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Susan Weber,

Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: March 29, 2001

Decided: April 24, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Ernie Beavers pled guilty in two criminal cases in the Eighth Judicial District Court, Cascade County, to two counts of burglary and one count each of theft and criminal mischief. He later filed a petition for postconviction relief, which the court denied. Beavers appeals. We affirm.

¶3 The issue is whether the District Court erred in denying the petition for postconviction relief.

¶4 In his pro se petition for postconviction relief, Beavers asserted he received ineffective assistance of counsel in that his trial counsel failed to file motions to substitute the presiding judge, to consolidate his pending criminal cases before one judge and to dismiss the charges against him for denial of his right to speedy trial. Beavers also alleged ineffective assistance of counsel in that his trial counsel's erroneous advice led him to enter his guilty plea.

¶5 The District Court appointed counsel to represent Beavers. Beavers testified at a hearing on his petition and the District Court also considered an affidavit of Beavers' trial counsel.

¶6 In resolving conflicts in the evidence before it, the court determined trial counsel's performance was not deficient with regard to any of Beavers' allegations. It found Beavers had not timely requested his counsel to move for substitution of the presiding judge and alleged no facts which would support a disqualification of the judge. In addition, Beavers raised no reason to believe his counsel could have effected a consolidation of his cases, and there was no time at which a meritorious speedy trial motion could have been filed. Finally, the District Court determined Beavers was adequately interrogated at the time he entered his plea and received a benefit from the plea, which was an intelligent choice among alternatives.

¶7 In considering ineffective assistance of counsel claims in postconviction proceedings, Montana courts

apply the two-pronged test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674. Under the *Strickland* test, the petitioner must establish that counsel's performance was deficient and prejudiced the defense. *State v. Cady*, 2000 MT 353, ¶ 10, 303 Mont. 258, ¶ 10, 15 P.3d 479, ¶ 10 (citations omitted). We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. The credibility of witnesses and the weight to be given their testimony are within the province of the finder of fact. *Cady*, ¶ 11 (citations omitted).

¶8 Beavers' arguments on appeal essentially ask this Court to reweigh the evidence. We will not do so, pursuant to our standard of review set forth above. We have reviewed the record and it clearly includes substantial evidence to support the District Court's findings of fact; nor are the findings otherwise clearly erroneous. We hold the District Court did not err in denying Beavers' petition for postconviction relief.

¶9 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE