No. 02-226

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 271N

WILLIAM JOSEPH OSTERLOTH,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

       For Respondent:

           Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant
        Montana Attorney, Helena, Montana; Leo Gallagher, Lewis and Clark
   County Attorney, Carolyn Clemens, Deputy Lewis and Clark County
   Attorney, Helena, Montana

Submitted on Briefs: November 7, 2002

Decided:  December 3, 2002

Filed:

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    William Joseph Osterloth (Osterloth) appeals from the District Court's January 14, 2002 order denying his petition for postconviction relief.  We affirm.

## BACKGROUND

¶3    On July 10, 1997, the State charged Osterloth by Information with one count of felony sexual assault under §§ 45-5-502(1), (3) and (5), MCA, based on allegations that he sexually molested two of his nephews.  Osterloth subsequently pled guilty and was ultimately sentenced to 30 years imprisonment at the Montana State Prison (MSP) with 25 years suspended on conditions.  He was ordered ineligible for parole until completion of both phases of the MSP's sex offender treatment program.

¶4    Osterloth appealed and we addressed four issues on direct appeal:

1. Did the District Court abuse its discretion in denying Osterloth's motion to withdraw his guilty plea?

2. Was Osterloth denied his Sixth Amendment right to effective assistance of counsel in the presentation of his motion to withdraw?

3. Did the District Court err in sentencing Osterloth without a psychosexual evaluation prepared by a qualified evaluator and in continuing his sentence to allow him an opportunity to succeed in a community-based sex offender treatment program?

4. Did the District Court err in sentencing Osterloth by failing to comply with statutory

requirements?

*State v. Osterloth*, 2000 MT 129, ¶¶ 2-6, 299 Mont. 517, ¶¶ 2-6, 1 P.3d 946, ¶¶ 2-6.

¶5 We affirmed Osterloth's conviction and remanded for entry of a modified written judgment setting forth the reasons for the sentence as stated in the District Court's oral judgment. *Osterloth*, ¶ 41.

¶6 On January 11, 2001, Osterloth filed his petition for postconviction relief claiming that he received ineffective assistance of counsel. A hearing was held on July 25, 2001, at which the State presented the testimony of Jeremy Gersovitz (Gersovitz), Osterloth's attorney during the original District Court proceedings. Based on testimony, affidavits and briefs filed by the parties, the trial court entered findings of fact and conclusions of law denying Osterloth's postconviction relief petition. Osterloth timely appealed.

¶7 The sole issue on appeal is whether Osterloth's postconviction relief petition alleging ineffective assistance of counsel was properly denied by the District Court.

## STANDARD OF REVIEW

¶8 We review a district court's denial of a petition for postconviction relief which alleges ineffective assistance of counsel to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Cady*, 2000 MT 353, ¶ 11, 303 Mont. 258, ¶ 11, 15 P.3d 479, ¶ 11.

¶9 Moreover, we will affirm the District Court's ruling if that court reaches the correct result, even if for the wrong reasons. *State v. Francis*, 2001 MT 233, ¶ 16, 307 Mont. 12, ¶ 16, 36 P.3d 390, ¶ 16.

¶10 In this case, the District Court addressed the merits of Osterloth's claims. As will be evident from our discussion, with one exception we conclude that Osterloth's claims are either waived or are

3

procedurally barred. Accordingly, we affirm the trial court on the waived and barred claims based on the latter standard of review. We also affirm the trial court on the properly preserved claim discussed at ¶¶ 17-20.

## DISCUSSION

¶11 Osterloth claims on appeal that his counsel was ineffective for failing to fully inform him of the consequences of his options and his rights concerning the advisability of a plea. This particular issue was not alleged in the postconviction petition filed in the District Court. Failure to raise a claim before the district court precludes the issue being considered on appeal. *Dawson v. State,* 2000 MT 219, ¶ 170, 301 Mont. 135, ¶ 170, 10 P.3d 49, ¶ 170, *cert. denied*, 532 U.S. 928 (2001). Accordingly, we decline to consider this claim on the merits since it is being raised for the first time on appeal.

¶12 Osterloth also claims that his trial counsel was ineffective for several other reasons. He claims: (1) that counsel advised him that there was a plea bargain and he found out there was no plea bargain at the change-of-plea hearing; (2) that counsel failed to inform him that he would not receive a suspended sentence unless he was accepted into a community-based treatment program and he learned that fact at the change-of-plea hearing; and (3) that counsel failed to advise him that by pleading guilty he was waiving his right to appeal the order denying his motion to suppress his confession and his right to argue to a jury the circumstances of his alleged confession.

¶13 The State argues, and we agree, that all of the foregoing claims could have been raised on direct appeal. Because these claims could have been raised but were not, they are procedurally barred by reason of § 46-21-105(2), MCA, which provides:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding

4

brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.

The foregoing claims being, thus, procedurally barred, we decline to address the merits of Osterloth's arguments.

¶14 Osterloth next claims that his trial counsel was ineffective by failing to inform him that acceptance into a community-based treatment program would depend upon his presentence investigation and a psychosexual evaluation. However, as the State points out, this claim was effectively decided on direct appeal.

¶15 In our discussion of Issue 2 in *Osterloth* we reviewed his earlier contention that he was denied effective assistance of counsel. Osterloth asserted his lawyer was ineffective for failing to premise the motion to withdraw his guilty plea on his having entered the guilty plea with the hope of avoiding the mandatory minimum sentence for sexual assault by being admitted to a community-based sexual offender treatment program in lieu of incarceration. *Osterloth*, ¶ 31. We determined that the District Court had properly advised Osterloth at the change-of-plea hearing and that Osterloth's plea was not involuntary even if entered to avoid greater punishment. Accordingly, we concluded that Osterloth's counsel's performance was not deficient in failing to raise the issue in Osterloth's motion to withdraw. *Osterloth*, ¶ 32. In so doing, we held that Osterloth was not denied his Sixth Amendment right to effective assistance of counsel in the presentation of his motion to withdraw.

¶16 Because Osterloth's present claim was already effectively decided on direct appeal it may not be reconsidered in postconviction proceedings, again, because of the procedural bar of § 46-21-105(2), MCA, referred to above. Accordingly, this claim being procedurally barred we decline to address it further.

5

¶17 Finally, Osterloth claims that his counsel was ineffective because Gersovitz failed to tell him that in order to remain in community-based treatment he would have to admit the allegations against him. At the evidentiary hearing before Judge Sherlock, Gersovitz testified that he had advised Osterloth and that they discussed at length the fact that in order to remain in community-based treatment, Osterloth would have to admit all of the allegations made against him. Counsel further testified that he believed that Osterloth understood what was going on in his case, but that he did not like the fact that he could stay in treatment only if he admitted what he did to the boys.

¶18 Based on this testimony, the District Court found that Osterloth was well informed of the possible sentencing consequences of his guilty plea. Moreover, at the sentencing hearing Osterloth specifically stated that he understood that the court was not bound by the recommendations of a presentence investigation and sexual offender evaluation and that conceivably the court could sentence him to prison for the rest of his life and could deny parole.

¶19 We have reviewed the District Court's January 14, 2002 order on petition for postconviction relief and the record in this case. We are satisfied that the court's findings of fact are supported by substantial evidence in the record and are not clearly erroneous and that the court's conclusions of law are correct. Osterloth's claim is unsupported by the record and the evidentiary hearing.

¶20 In considering ineffective assistance of counsel claims we apply the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Dawson*, ¶ 20. In order to establish an ineffective assistance of counsel claim the defendant bears the burden of proving that: (1) the performance of defendant's counsel was deficient; and (2) counsel's deficient performance was prejudicial. *See State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, ¶ 17, 33 P.3d 877, ¶ 17 (citation omitted). In the case at bar, Osterloth has failed in his burden to establish that his trial counsel's performance was deficient.

Accordingly, we do not reach the prejudice prong of the *Strickland* test.

¶21    The District Court is affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER