No. 05-102

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 60N

THOMAS J. NOVAK,

        Petitioner and Appellant,

   v.

STATE OF MONTANA ,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2004-972,
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Thomas J. Novak, *pro se*, Alexander, North Dakota

        For Respondent:

        Honorable Mike McGrath, Attorney General; Joslyn M. Hunt,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney; Scott Twito, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  December 29, 2005

Decided:  March 21, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Thomas Novak appeals the order denying his petition for postconviction relief entered in the Thirteenth Judicial District Court, Yellowstone County.  We affirm.

¶3     Novak was charged with offenses in two causes.  In the first cause, he was charged with felony stalking.  In the second, Novak was charged with stalking, tampering with a witness, and impersonating a public servant, all felonies.  He was also charged in the second cause with resisting arrest, a misdemeanor.  The stalking victim was the same person in both causes, and the District Court processed the causes simultaneously.  In exchange for dismissal of the other charges, Novak pled guilty to felony stalking in the first cause and to tampering with a witness in the second cause and was sentenced on July 22, 2003, to serve two five-year terms to run concurrently, each with two years suspended.  Novak did not appeal either judgment.

¶4     On September 20, 2004, Novak filed a petition for postconviction relief.  The only information Novak provided the District Court to support his petition was his own conclusory affidavit alleging that his counsel rendered ineffective assistance by failing to investigate the contents of a tape recording of telephone calls with the victim whom he

2

stalked. Novak alleged that on the tape the victim stated that she wanted contact with him. Novak contended that, had his counsel properly investigated the contents of the tape, it may have provided a defense to the charges against him and he would not have entered a guilty plea.

¶5 In denying the petition, the District Court ruled that Novak's counsel made a reasonable tactical decision not to investigate the tapes, that Novak failed to present facts demonstrating that he was prejudiced by his counsel's action, and that no evidentiary hearing showing what an investigation by his counsel may have produced was required.

¶6 The issue on appeal is whether the District Court erred in denying the petition for postconviction relief. In *State v. McColley* (1991), 247 Mont. 524, 527, 807 P.2d 1358, 1360, we stated, "A claim of ineffective assistance of counsel must be grounded in facts found in the record, not on mere conclusory allegations." Novak has offered only a conclusory allegation. In *State v. Cady*, 2000 MT 353, ¶ 10, 303 Mont. 258, ¶ 10, 15 P.3d 479, ¶ 10, this Court confirmed that a "petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." Novak has not met this burden. Finally, in *Bishop v. State* (1992), 254 Mont. 100, 107, 835 P.2d 732, 737, quoting *Coleman v. State* (1981), 194 Mont. 428, 433, 633 P.2d 624, 627, we stated, "[I]t is not error to deny an application for post-conviction relief without an evidentiary hearing if the allegations are without merit or would otherwise not entitle the petitioner to relief." Novak's allegations are without merit and would not otherwise

3

entitle him to relief; thus, an evidentiary hearing was not required. Therefore, we conclude that the District Court did not err in denying Novak's petition.

¶7     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8     We affirm the judgment of the District Court.


/S/ JIM RICE


We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER