JUSTICE REGNIER
delivered the Opinion of the Court.
¶1 Kenneth Leroy Whitlow appeals from the Opinion and Order issued by the Twenty First Judicial District Court, Ravalli County, dismissing his petition for postconviction relief. We reverse and remand.
¶2 Whitlow raises the following issues on appeal:
¶3 1. Did the District Court err when it determined that Whitlow’s petition was not filed within the applicable statute of limitations?
¶4 2. Did the District Court err when it determined that Whitlow’s petition was barred because he could have reasonably raised his claim of ineffective assistance of trial counsel on direct appeal?
¶5 3. Did the District Court err when it denied Whitlow’s motion to amend his petition to allege a claim of ineffective assistance of appellate counsel?
BACKGROUND
¶6 On August 18, 1993, the State charged Whitlow with the aggravated kidnaping of a six-year-old girl and sexual intercourse without consent. James G. Shockley represented Whitlow during the course of the District Court proceedings. A jury found Whitlow guilty of both counts and the District Court sentenced Whitlow to 40 years for the crime of sexual intercourse without consent, 10 years for the crime of aggravated kidnaping, and 10 years for the use of a weapon during *341 the crimes. The court found Whitlow to be a persistent felony offender and enhanced his aggravated kidnaping sentence by 60 years.
¶7 Whitlow appealed and was represented by both Mr. Shockley and William F. Hooks. On direct appeal, Whitlow did not raise a claim of ineffective assistance of counsel. We affirmed Whitlow’s conviction. State v. Whitlow (1997), 285 Mont. 430, 949 P.2d 239.
¶8 On March 17, 1999, Whitlow filed a petition for postconviction relief. Whitlow contended that he was denied his right to effective assistance of counsel when his trial counsel, Mr. Shockley, failed to ask follow-up questions during his voir dire of jurors Felix, Brouelette, and Sellers to determine whether they were biased against him. The State filed a motion to dismiss Whitlow’s petition in which it contended Whitlow could have reasonably raised the issue of whether he was denied effective assistance of counsel on direct appeal. Therefore, the State argued, Whitlow was barred from raising the issue in his petition for postconviction relief pursuant to § 46-21-105(2), MCA. Whitlow responded that his claim of ineffective assistance could not have been raised on direct appeal because, among other things, it was based on evidence outside the trial record. Alternatively, Whitlow requested permission to amend his petition to include a claim of Ineffective assistance of appellate counsel for appellate counsel’s failure to raise a claim of ineffective assistance of trial counsel.
¶9 On December 21, 1999, the District Court granted the State’s motion to dismiss. The court concluded that Whitlow’s petition was barred by the one-year statute of limitations set forth in § 46-21-102(1), MCA (1997). The court also determined that Whitlow’s sole support for his claim of ineffective assistance of trial counsel was to be found within the trial record. Thus, the court concluded that Whitlow’s claim was barred by § 46-21-105(2), MCA, because it could have reasonably been raised on direct appeal. Lastly, the court stated that even if it were to allow Whitlow to amend his petition to allege ineffective assistance of his appellate counsel for not raising the ineffectiveness claim on direct appeal, Whitlow’s petition would still “ultimately be dismissed as time barred.” Whitlow appeals.
STANDARD OF REVIEW
¶10 The standard of review of a district court’s denial of a petition for postconviction relief is whether substantial evidence supports the findings and conclusions of the district court. We review the district court’s findings to determine if they are clearly erroneous and we review the district court’s conclusions to determine if they are correct. State v. D’Amico, 2000 MT 63, ¶ 7, 299 Mont. 57, ¶ 7, 997 P.2d 773, ¶ 7.
ISSUE ONE
*342 ¶11 Did the District Court err when it determined that Whitlow’s petition was not filed within the applicable statute of limitations?
¶12 The District Court concluded that Whitlow’s petition was barred by the one-year statute of limitations set forth in § 46-21-102(1), MCA (1997), because it was filed over one year after we affirmed his conviction and denied his petition for a rehearing. The State concedes that this conclusion was in error. The State observes that pursuant to § 46-21-102(l)(b), MCA, if an appeal of a conviction is taken to the Montana Supreme Court, the conviction does not become final for purposes of the statute of limitations on postconviction relief petitions until the time for petitioning the United States Supreme Court for review expires. According to the State, this occurred on March 30, 1998, less than one year before Whitlow filed his petition for postconviction relief. For the foregoing reason, we hold that the District Court’s conclusion that Whitlow’s petition was time-barred is erroneous.
ISSUE TWO
¶13 Did the District Court err when it determined that Whitlow’s petition was barred because he could have reasonably raised his claim of ineffective assistance of trial counsel on direct appeal?
¶14 Whitlow’s claim of ineffective assistance of counsel is based on the voir dire of jurors Felix, Sellers, and Brouelette. Whitlow claimed that his trial counsel failed to ask follow-up questions after these jurors indicated that they might be biased. The following are excerpts from the transcript of the State’s voir dire:
Juror Felix
Mr. [George H.] Corn [Kavalli County Attorney]: And I’ll come down here, we’ll start with you, Mr. Felix. Have you heard anything about the case?
Mr. Felix: Yes, I read about it in the papers and discussed it with the family.
Mr. Corn: That was about six months ago or seven months ago?
Mr. Felix: That was after the incident occurred.
Mr. Corn: Is there anything that you recall from your - from that time that would prevent you from reserving judgment until all the evidence came in in this case?
Mr. Felix: No.
Juror Sellers
Mr. Corn: Ms. Sellers, have you heard about the case?
Ms. Sellers: No.
Mr. Corn: Well, I’ll pass on all those questions then to you. Is there anything so far that we’ve discussed, though, that would prevent you from being impartial to either side in this case?
Ms. Sellers: Well, I would hope not, but the nature of the case is *343 an upsetting thing.
Mr. Corn: Would you agree with me that most types of crimes, by their nature, are upsetting?
Ms. Sellers: Yes.
Mr. Corn: And would you also agree that it’s important in our system that jurors make factual determinations about whether or not someone committed a crime?
Ms Sellers: Correct.
Juror Brouelette
The Clerk: James Brouelette.
The Court: Do we need -1 can talk to you privately in here if it’s something we need to go in chambers for, that’s done quite often.
Mr. Brouelette: Well, maybe I can just tell you. When you were asking me if I could be impartial, I’m going to try to be impartial, but one of my daughters goes with one of my [sic] boys out of Pinesdale, so I have heard about this.
Mr. Corn: Do you realize that what you might have heard... is not evidence in this case?
Mr. Brouelette: Right, right.
Mr. Corn: Thank you.
Mr. Brouelette: And I have read everything that they put [in] the paper. I just don’t know how partial - you know -
Mr. Corn: And you have to tell me and make that decision yourself. If the Judge instructs -
Mr. Brouelette: I’ll try.
Mr. Corn: - you under oath?
Mr. Brouelette: I do have three little girls, so it’s hard to be impartial.
Mr. Corn: All right. Well, I’m going to let you wrestle with that.
Mr. Brouelette, have you heard the questions that I have asked the other jurors?
Mr. Brouelette: I have.
Mr. Com: Is there anything I touched upon - and I’ve been over a fair amount of material - but unless there’s something specific - or was there anything that I touched upon that you need to discuss with me at this point?
Mr. Brouelette: No, I read it when it happened, that’s the last I heard of it.
Mr. Corn: Have you - Based on what you read, is there anything that you read about that that would prevent you from reserving judgment in this case?
Mr. Brouelette. No.
¶15 The District Court held that Whitlow’s petition was barred pursuant to § 46-21-105(2), MCA, because he should have raised his claim of ineffective assistance of counsel in his direct appeal. In this *344 regard, the court found that Whitlow’s sole support for his claim of ineffective assistance of trial counsel was to be found within the trial record.
¶16 “[GJrounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided” in a petition for postconviction relief. Section 46-21-105(2), MCA. We have held that where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal. Hagen v. State, 1999 MT 8, ¶ 12, 293 Mont. 60, ¶ 12, 973 P.2d 233, ¶ 12. Conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief. Hagen, ¶ 12.
¶17 In order to establish a claim of ineffective assistance of counsel, a defendant must prove that defendant’s counsel’s performance was deficient and that counsel’s deficient performance was prejudicial. See, e.g., State v. Chastain (1997), 285 Mont. 61, 63, 947 P.2d 57,58. With regard to establishing that counsel’s performance was deficient, we have stated:
A defendant must overcome the presumption that under the circumstances the action which he challenges might be considered sound trial strategy. Counsel’s trial tactics and strategic decisions not only are entitled to great deference when reviewed on a claim of ineffective assistance of counsel, but they cannot be the basis upon which to find ineffective assistance of counsel.
Bone v. State (1997), 284 Mont. 293, 303, 944 P.2d 734, 740 (citations omitted).
¶18 Whitlow insists that in order to overcome the presumption that his trial counsel’s decision not to further question or challenge jurors was tactical, and thus not ineffective, he must develop facts outside the trial record. In this regard, Whitlow submitted an affidavit of his trial attorney to the District Court in which his trial attorney stated that he could recall no particular tactical reason for not questioning or moving to excuse Jurors Sellers, Brouelette or Felix.
¶19 The State argues that in order to hold that Whitlow could not have reasonably raised his ineffectiveness claim on direct appeal we must overrule Chastain. The State observes that in Chastain we reviewed a claim of ineffective assistance of counsel on direct appeal in which a defendant contended that his trial attorney had failed to adequately challenge prospective jurors. The State notes that we decided Chastain’s ineffective assistance of counsel claim in his favor despite the fact that there was “nothing in the record” to explain counsel’s failure to ask follow-up questions or move to exclude the potentially biased prospective jurors. See Chastain, 285 Mont. at 65, 947 P.2d at 60. The State insists that Chastain establishes that *345 ineffective assistance of counsel claims such as Whitlow’s can reasonably be raised on direct appeal.
¶20 Chastain was convicted of sexual intercourse without consent and sexual assault involving three young girls. On direct appeal from his conviction, Chastain contended that he was denied effective assistance of counsel due to his counsel’s failure to further question two prospective jurors or move to exclude them. One juror indicated during defense counsel’s voir dire that he had read about Chastain’s case in the newspaper and had strong feelings about it. Further questioning of this juror occurred out of the jury’s presence in chambers. During questioning in chambers, the juror stated that someone had attempted to abduct his younger sister and that this could bias his judgment unfavorably toward the defendant. Despite this fact, defense counsel did not question the juror further to discover whether he could render an impartial decision nor did defense counsel move to exclude this juror. A second juror stated that she remembered seeing an article about the case in the newspaper. When defense counsel questioned whether it would bias her judgment, she stated, “It’s hard for me to say. I do have-when I read about something like that, I do kind of evoke some strong feelings.” Defense counsel did not pursue any further questioning nor did he move to exclude this juror. We observed that nothing in the record explained trial counsel’s decision not to further question or move to exclude either juror. Chastain, 285 Mont. at 65, 947 P.2d at 60. We concluded that “the statements of both prospective jurors ... demanded, at a minimum, additional inquiry.” Chastain, 285 Mont. at 65, 947 P.2d at 60. As a result, we held that counsel’s failure amounted to ineffective assistance of counsel. Chastain, 285 Mont. at 65-66, 947 P.2d at 60.
¶21 We disagree that in order to conclude that Whitlow’s ineffectiveness claim is not record based we must overrule Chastain. Instead, we continue to believe that the statements of the jurors in Chastain clearly expressed a potential for bias against the defendant and demanded further inquiry by counsel. Unlike in Chastain, trial counsel’s decision not to further question prospective jurors in the instant case, however, is capable of a satisfactory explanation. One prospective juror indicated that he had read about the case; another prospective juror indicated that she felt that the case was of an upsetting nature; a third prospective juror thought it might be hard to be impartial because he had three young daughters. All three prospective jurors indicated that they could reserve judgment until the facts had been presented. Trial counsel could have known other facts about these prospective jurors which led counsel to reasonably believe that, despite their possible prejudices, placing these jurors on the panel would be favorable to his client. ‘When the only record on which a claim of ineffective assistance is based is the trial record, every *346 indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight.” United States v. Taglia (7th Cir. 1991), 922 F.2d 413, 417-18. Therefore, in order to establish that his trial counsel’s decision not to question or challenge prospective jurors was not the product of sound trial strategy, Whitlow would have to go beyond the trial record.
¶22 Applying the preceding analysis to the instant case, we hold that Whitlow’s ineffective assistance of counsel claim could not have reasonably been raised on direct appeal because his allegations of ineffectiveness cannot be documented from the record in the underlying case. See Hagen, ¶ 12.
¶23 For the aforementioned reasons, we reverse the District Court’s conclusion that Whitlow’s ineffective assistance of counsel claim is barred by § 46-21-105(2), MCA. Nothing in the foregoing opinion should be construed as comment on the merits of Whitlow’s claim.
ISSUE THREE
¶24 Did the District Court err when it denied Whitlow’s motion to amend his petition to allege a claim of ineffective assistance of appellate counsel?
¶25 Because we have held that Whitlow was not required to raise his claim of ineffective assistance of trial counsel during the direct appeal from his conviction, his claim of ineffective assistance of appellate counsel is moot.
¶26 Reversed and remanded.
JUSTICES TRIEWEILER, COTTER and LEAPHART concur.