
DA 06-0456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 307

CHESTER LAWRENCE PRICE,

     Petitioner and Appellant,

  v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV-05-34
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        William F. Hooks, Attorney at Law, Helena, Montana

     For Appellee:

        Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

        Thomas P. Meissner, County Attorney, Lewistown, Montana

Submitted on Briefs:  July 11, 2007

Decided:  November 27, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Appellant Chester Price was charged and convicted of sexual intercourse without consent upon his niece, C.W.  We affirmed Price's conviction on direct appeal in *State v. Price*, 2003 MT 373N, 319 Mont. 424, 82 P.3d 37 (Table).  Price now appeals the order of the Tenth Judicial District Court, Fergus County, denying his petition for postconviction relief.  We reverse and remand for entry of an order granting Price a new appeal.

¶2      We consider the following issue on appeal:

¶3      Did Price's appellate defense counsel render ineffective assistance by failing to raise on direct appeal the issue of Price's absence from numerous in-chambers trial proceedings?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On August 21, 2001, Price was charged with sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA.  Price's trial began on June 3, 2002, with Timothy J. Whalen serving as Price's defense counsel.  Throughout the course of the trial, twelve in-chambers conferences took place between the District Court judge and counsel for the State and defendant.  The topics discussed at those conferences encompassed a broad range, including but not limited to jury selection, presentation of witnesses and witness testimony, exclusion of evidence, removal of certain jurors after trial began, and basic scheduling matters.  However, Price was present for only one of those conferences.

2

¶5     In eight of the eleven in-chambers conferences for which Price was absent, Whalen purported to waive Price's right to be present when questioned by the judge about Price's absence.  In the other three conferences, Whalen did not waive Price's right to be present.  At the postconviction hearing, Whalen testified that he believed he had advised Price, prior to trial, of Price's right to be present at all in-chambers meetings between the court and counsel, and that Price declined to participate in those meetings.  No written record of that waiver was made by Whalen or the court.  Price testified that Whalen did not advise him that the United States Constitution and the Montana Constitution guaranteed him the right to be present during all critical stages of his trial.  Price testified that he would have attended the in-chambers conferences if he had been told of his right to attend.

¶6     After Price was convicted he retained Gary Wilcox to handle his direct appeal.  Wilcox raised two evidentiary issues in that appeal:  whether the District Court erred in excluding evidence of a prior inconsistent statement by the victim, and whether the District Court erred in excluding evidence designed to show that the victim's step-brother committed the offense charged.  *Price*, ¶¶ 14-15.  Wilcox did not raise the issue of Price's absence from the eleven in-chambers meetings and Whalen's purported waiver of Price's constitutional right to be present at eight of those meetings.

¶7     Wilcox testified that he did not raise this issue because he had concluded the issue was more appropriate for postconviction relief, given that Whalen's purported waiver of Price's right to be present could constitute ineffective assistance of counsel.  Wilcox admitted that he was unaware of this Court's holding in *State v. Bird*, 2001 MT 2, 308

3

Mont. 75, 43 P.3d 266, which was released before he filed Price's appeal, and which held that a trial court must advise a defendant of his constitutional right to be present at all critical stages of the trial and obtain an on-the-record waiver by the defendant if he chooses not to attend those critical stages. *Bird*, ¶ 38.

¶8    After this Court affirmed Price's conviction on direct appeal, Price retained new counsel to file a petition for postconviction relief in the District Court. In addition to challenging several alleged errors by his trial counsel, Price alleged that his appellate counsel rendered ineffective assistance by failing to appeal the issue of Price's absence from the in-chambers meetings and Whalen's waiver of Price's right to be present.[1] The District Court applied the *Strickland* test to Price's allegation of ineffective assistance of counsel against Wilcox. *See Strickland v. Wash.*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *State v. Hagen*, 2002 MT 190, ¶ 37, 311 Mont. 117, ¶ 37, 53 P.3d 885, ¶ 37. The District Court found that Price satisfied the first prong because Wilcox's performance fell below an objective standard of reasonableness, in that he failed to apply *Bird* and challenge Price's absence from in-chambers meetings on appeal. Under the second prong, however, the District Court found that Price was not prejudiced because, taking into account only the three meetings at which Whalen did *not* waive Price's right to be present, the outcome would not have changed had he been there. With respect to the other eight meetings for which Whalen waived Price's right to be present, the District

---

[1]In the appeal *sub judice*, Price does not challenge the District Court's denial of his ineffective assistance claims against Whalen, his trial counsel. Thus, only Price's postconviction claim against Wilcox is raised.

Court briefly observed that such meetings were merely "procedural." Price now appeals the District Court's denial of his petition for postconviction relief.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hendricks v. State*, 2006 MT 22, ¶ 10, 331 Mont. 47, ¶ 10, 128 P.3d 1017, ¶ 10. "Claims of ineffective assistance of counsel are mixed questions of law and fact, which we review *de novo*." *Hendricks*, ¶ 10.

¶10 A district court's determination of whether a criminal defendant's right to be present at the critical stages of trial has been violated presents a question of constitutional law, for which our review is plenary. *State v. Mann*, 2006 MT 160, ¶ 10, 332 Mont. 476, ¶ 10, 139 P.3d 159, ¶ 10.

## DISCUSSION

¶11 *Did Price's appellate defense counsel render ineffective assistance by failing to raise on direct appeal the issue of Price's absence from numerous in-chambers trial proceedings without a valid waiver of his constitutional right to be present?*

¶12 "The right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, and by Article II, Section 24 of the Montana Constitution." *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, ¶ 11, 97 P.3d 1095, ¶ 11. "Claims of ineffective assistance of appellate counsel are analyzed, like those of trial counsel, according to the standard set forth in *Strickland*." *Hagen*, ¶ 37. A petitioner must satisfy both prongs of the *Strickland* test in order to prove that appellate counsel's assistance was ineffective.

5

Under the first prong, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Hagen*, ¶ 37. Under the second prong, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the petitioner would have prevailed on appeal. *Hagen*, ¶ 37. "The first prong carries a strong presumption in favor of the State, as counsel is allowed wide latitude in deciding what tactics [he] should, and should not, employ in defending [his] client." *Kougl*, ¶ 11.

¶13 In addition to the right of effective assistance of counsel, a criminal defendant has a federal constitutional right to be present at all criminal proceedings against him, pursuant to the Confrontation Clause of the Sixth Amendment. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058 (1970). Article II, Section 4, of the Montana Constitution also expressly guarantees a criminal defendant the right to be present at his trial. *State v. Riggs*, 2005 MT 124, ¶ 47, 327 Mont. 196, ¶ 47, 113 P.3d 281, ¶ 47. In *Riggs*, we noted that "[s]ince the right to appear and defend in person is found within Montana's Declaration of Rights, it is a fundamental right." *Riggs*, ¶ 47. We also quoted this Court's 1922 discussion of the right to appear and defend, observing:

> No principle of law, relating to criminal procedure, is better settled than that, in felony cases, nothing should be done in the absence of the prisoner. It is his unquestioned right to be confronted with his accusers and witnesses. He has the legal right to be present when the jury are hearing his case, and at all times during the proceeding of the trial, when anything is done which in any manner affects his right[.]

*Riggs*, ¶ 48 (quoting *State v. Reed*, 65 Mont. 51, 58, 210 P. 756, 758 (1922)).

6

¶14 Under the first prong of *Strickland*, the District Court concluded, and we agree, that Wilcox's performance fell below an objective standard of reasonableness. As the court observed, Wilcox had access to standard legal databases for researching case law, and could have easily found *Bird* and other case law discussing Price's right to be present. Knowledge of this Court's holding in *Bird* would have led appellate counsel, in the reasonable performance of his duties, to include Price's absence from in-chambers meetings in the direct appeal. Thus, the first prong of *Strickland* is satisfied.

¶15 As stated above, the second prong of *Strickland* requires that Price establish a "reasonable probability" that, but for appellate counsel's deficient performance, Price would have succeeded on appeal. *Hagen*, ¶ 37. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome,' but it does not require that a defendant demonstrate that he would have been acquitted." *State v. Rogers*, 2001 MT 165, ¶ 14, 306 Mont. 130, ¶ 14, 32 P.3d 724, ¶ 14 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). While acquittal is not the result sought in this case, it is nonetheless true that Price need not establish that success on direct appeal was certain; rather, he must show a "reasonable probability" of that outcome.

¶16 We agree with Price that Wilcox's failure to raise the issue of Price's absence from in-chambers meetings created a "probability sufficient to undermine confidence in the outcome" of Price's direct appeal. In its order denying Price's petition for postconviction relief, the District Court focused only on the three in-chambers meetings at which Whalen did not waive Price's right to be present and did not analyze, except by brief reference, the other eight conferences from which Price was absent.

7

¶17    In *Bird*, the District Court met with several prospective jurors in-chambers during the State's *voir dire* after the jurors indicated they had personal experiences with domestic violence. *Bird*, ¶ 12. Although the prosecutor and defense counsel were in attendance for the in-chambers meetings, the defendant was not. *Bird*, ¶ 12. Later, the court recessed again and allowed counsel to exercise their peremptory challenges in chambers. Once again the defendant was not present. *Bird*, ¶ 14. Despite the fact that defense counsel waived his client's right to be present after the fact, we held that the defendant's exclusion from the in-chambers *voir dire* proceedings was structural error necessitating a new trial. *Bird*, ¶ 40.

¶18    In contrast to our holding in *Bird*, we held in *Riggs* that two in-chambers meetings between the district court judge, counsel, and two jurors did not violate the defendant's constitutional rights. There, one juror was brought into chambers to briefly have his concerns addressed after he recognized one of the witnesses as a former student of his. *Riggs*, ¶ 44. The juror was briefly questioned, and both counsel agreed the juror could continue to serve. Later, a second juror was brought into chambers after he expressed concern that he might lose a non-refundable airline ticket for a flight scheduled to depart the following day. *Riggs*, ¶ 45. The district court advised the juror that the jury might have to deliberate into the night, but that he would not have to sacrifice his ticket. *Riggs*, ¶ 45. When the defendant challenged these two meetings as infringing his right to be present at all critical stages of the trial, we observed that the meetings were merely "brief interludes in a complex trial . . . and defendant had no role to play at either." *Riggs*, ¶ 54

8

(citations omitted). Thus, we held that the defendant's right to be present at all critical stages was not infringed. *Riggs*, ¶ 54.

¶19 Here, the State argues that *Riggs* supports the District Court's holding, because a defendant need not be present at every in-chambers meeting that occurs. However, this appeal, addressing Price's claim that his appellate counsel rendered ineffective assistance by failing to raise the issue, need not reach the merits of whether Price's absence actually constituted error requiring a new trial. It is enough to conclude that there was a legitimate legal basis upon which to raise the issue and which is sufficient to undermine confidence in the outcome of the appeal. Clearly, this Court's precedent provided such sufficient grounds. Appellate counsel should have raised the issue on direct appeal, and his failure to do so constituted prejudicial error.

¶20 Accordingly, we reverse the denial of the postconviction petition on the grounds discussed herein and remand for entry of an order by the District Court granting Price an opportunity for a new appeal upon this issue. The entry of the order by the District Court will initiate the time and procedural requirements for completion of the appellate process.

/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS