DA 11-0614

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 209N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

TIMOTHY JON MEYER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-91
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wade M. Zolynski, Chief Appellate Defender, Garrett R. Norcott,
Assistant Appellate Defender, Helena, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Katie F. Schulz,
Assistant Attorney General, Helena, Montana

              Fred Van Valkenburg, Missoula County Attorney; Susan E. Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 15, 2012

Decided:  September 18, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Timothy Jon Meyer (Meyer) appeals his conviction by a jury in the Fourth Judicial District Court, Missoula County, of violating a protective order. This was Meyer's third or subsequent conviction of violating a protective order, so it was a felony. He was sentenced to two years in the Montana State Prison and given credit for time served. We affirm.

¶3      Meyer argues on appeal that the District Court improperly instructed the jury regarding the mental state required by § 45-5-626, MCA. He contends that he received ineffective assistance of counsel because his trial counsel failed to object to the proposed jury instructions and failed to offer alternatives. Meyer also asks us to review the jury instructions for plain error, and he further asserts that there was insufficient evidence for a jury to convict him under proper instructions.

¶4      Meyer and Dawn Kellmer (Kellmer) were divorced in August of 2010 after two years of marriage. After their divorce, Kellmer obtained a protective order against Meyer that, among other things, prohibited Meyer from coming within 1500 feet of her. On February 27, 2011, while still in possession of some of Meyer's belongings, Kellmer

2

moved from her residence on Sherwood Street in Missoula to a home in a trailer park on South 7th Street.

¶5     When Meyer learned that Kellmer was no longer living at the Sherwood residence, he decided to visit Tom, one of their mutual acquaintances, to see if he knew Kellmer's new address. Meyer needed Kellmer's new address so that he could arrange for a civil standby to help him retrieve his possessions from her without violating the protective order, which was still in effect.

¶6     On March 2, 2011, accompanied by his mother and aunt, Meyer went to Tom's house, which happened to be in the same trailer park Kellmer had just moved to. Although Tom was not home, Meyer spotted Kellmer's car parked in an alley in front of a nearby trailer. He told his aunt to drive down the alley so that he could see the trailer's address, which she did.

¶7     According to his testimony, Meyer thought that Kellmer lived in the trailer, but he wanted to make sure her car was not just parked there. After his aunt wrote down the address on the trailer, Meyer had her park their van near Kellmer's trailer in the alley. He got out of the van to go talk with a neighbor. Meyer's mother also got out of the van, walked up to the trailer, and knocked on Kellmer's door. Kellmer came to the door and called the police shortly after seeing Meyer nearby. When police officers arrived a few minutes later, Meyer showed them a copy of the protective order that he had brought with him. The officers verified that the order was still in effect and placed Meyer under arrest.

¶8     Section 45-5-626(1), MCA, provides that a person violates an order of protection if the person, with knowledge of the order, purposely or knowingly violates one of the

3

order's provisions. Meyer conceded that he knew of the protective order and that he violated it by coming within 1500 feet of Kellmer. His defense at trial was that he did not do so purposely or knowingly. The State recommended the following jury instructions regarding the requisite mental state:

> Instruction 10: A person acts purposely when it is his conscious object to engage in conduct of that nature.

> Instruction 11: A person acts knowingly with respect to a specific fact, when the person is aware of a high probability of that fact's existence.

Meyer's trial counsel neither objected to the proposed instructions nor offered alternative instructions. Instructions 10 and 11 were given to the jury, and Meyer was convicted.

¶9 Meyer argues on appeal that the jury was erroneously instructed regarding the requisite mental state, and his trial counsel's failure to object to the instructions constitutes ineffective assistance of counsel. This Court reviews claims of ineffective assistance of counsel under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Miller v. State*, 2012 MT 131, ¶ 13, 365 Mont. 264, 280 P.3d 272; *State v. Fender*, 2007 MT 268, ¶ 7, 339 Mont. 395, 170 P.3d 971; *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, 33 P.3d 877. To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *State v. Price*, 2007 MT 307, ¶ 12, 340 Mont. 109, 172 P.3d 1236. "[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder

4

would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068-2069. We do not have to address the two prongs in the order in which they are laid out in *Strickland*. If the defendant fails to prove sufficient prejudice, we do not need to address whether counsel's performance was deficient. *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, 10 P.3d 49 (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069).

¶10 Accordingly, we do not reach the question of whether Meyer's trial counsel's performance was deficient. Meyer's claim of ineffective assistance of counsel fails because it is not reasonably probable that the jury would have had a reasonable doubt regarding his guilt if the jury would have been instructed differently. Meyer contends on appeal that the following instructions should have been given in place of Instructions 10 and 11:

1) When knowledge of the existence of a particular fact is an element of an offense, knowledge is established if a person is aware of a high probability of its existence;

2) A person acts "knowingly" when the person is aware that it is highly probable that the result will be caused by the person's conduct; and

3) A person acts "purposely" if it is the person's conscious object to cause that result.

The result contemplated in these instructions would be Meyer's violation of the protective order. Therefore, under these instructions Meyer would still be guilty if the jury found he was aware that it was highly probable that his conduct would cause him to be within 1500 feet of Kellmer.

5

¶11 Meyer argues that there was no evidence that he was aware of the high probability that his presence in the trailer park would result in him being within 1500 feet of Kellmer, so the jury could not have found him guilty if properly instructed. This simply is not so. Meyer's trial counsel made the exact same argument to the jury in closing. In making his argument, trial counsel used Instruction 11, the instruction that defined "knowingly" with respect to the existence of a particular fact, and told the jury that the specific fact at issue was Meyer being within 1500 feet of Kellmer. He then argued that the State had not proven beyond a reasonable doubt that Meyer knew there was a high probability that he was within 1500 feet of Kellmer.

¶12 The jury rejected Meyer's argument, and with good reason. Although the record is full of evidence from which the jury could infer that Meyer had the requisite mental state, his own testimony supports the jury's findings. Meyer testified that after arriving at the trailer park he saw a car that he knew was Kellmer's parked in an alley in front of a trailer. Meyer knew with certainty that it was her car because of a sticker in the back window. Meyer admitted that he thought Kellmer lived at the trailer when he saw her car parked in the alley but that he wanted to make sure, so he got out of the car and started talking to neighbors. He also admitted on cross-examination that it was reasonable to think that Kellmer was somewhere near her car.

¶13 Based on the fact that Meyer's trial counsel made the exact same argument to the jury that he now presents on appeal, Meyer's own testimony, and the rest of the record before us, it is not highly probable that the jury would have had a reasonable doubt regarding Meyer's guilt if different jury instructions would have been given. Thus,

6

Meyer's claim that he received ineffective assistance from his trial counsel fails. Moreover, our review of the record reveals more than sufficient evidence to support the jury's finding that Meyer acted with the mental state required by § 45-5-626(1), MCA.

¶14 Additionally, we decline Meyer's request that we review the jury instructions for plain error. We generally do not review jury instructions unless they are specifically objected to at trial. *State v. Earl*, 2003 MT 158, ¶ 23, 316 Mont. 263, 71 P.3d 1201; § 46-16-410(3), MCA. We have discretion to review an instruction that was not objected to at trial, however, if the claimed error implicates a defendant's fundamental constitutional rights and may result in a manifest miscarriage of justice, leave unsettled the question of fundamental fairness of the trial proceedings, or compromise the integrity of the judicial process. *Earl*, ¶ 25 (citing *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996)). Because Meyer was not prejudiced by the allegedly erroneous instructions, plain error review is clearly not appropriate.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law, and it is manifest on the face of the briefs and the record that there was not an abuse of discretion. We find no reason in fact or law to disturb the District Court's order.

¶16 Affirmed.

/S/ MIKE McGRATH

7

We concur:


/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS