DA 11-0756

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 269N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JIMMY JAY GAUNA,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-10-0190
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade M. Zolynski, Chief Appellate Defender, Koan Mercer,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney; Juli M. Pierce, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  October 17, 2012

Decided:  November 21, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jimmy Jay Gauna (Gauna) appeals a judgment from the Thirteenth Judicial District Court, Yellowstone County, which convicted him of sexual intercourse without consent and sentenced him to 100 years in the Montana State Prison with fifty years suspended. The judgment also prohibited Gauna from becoming eligible for parole for the first twenty-five years of his imprisonment as required by § 45-5-503(4)(a)(i), MCA. Gauna argues that he received ineffective assistance of counsel because his trial counsel did not seek an exception under § 46-18-222(2), MCA, to the twenty-five year parole restriction. We affirm.

¶3     Gauna was charged with sexual assault and two counts of sexual intercourse without consent for an incident involving an eleven-year-old boy on March 3, 2010. Gauna was twenty-four years old at the time. Gauna met the victim at a video store two weeks before the assault. After meeting him, Gauna talked with the victim on the phone or over the internet nearly every day for two weeks preceding the assault. Some of Gauna's conversations with the victim were sexual in nature. Gauna had attempted to meet with the victim once before the day of the assault, but the victim forgot about the

2

meeting. On March 3, 2010, Gauna met the victim at his school and took him to a drainage ditch where the assault occurred.

¶4    Pursuant to a plea agreement, Gauna pled guilty to one count of felony sexual intercourse without consent, and the other charges of sexual intercourse without consent and of sexual assault were dismissed. Gauna reserved his right to seek exceptions under § 46-18-222, MCA, to the statutory mandatory minimum sentences.

¶5    A psychosexual evaluation that was conducted as part of the pre-sentence investigation revealed that Gauna suffers from a number of mental conditions. Gauna was born premature and with hydrocephalus. He also suffered from infant apnea until he was five years old. Additionally, Gauna has been diagnosed with a number of mental disorders, including Cognitive Disorder and Impulse Disorder, which likely originated with his organic brain dysfunction.

¶6    The psychosexual evaluation also revealed a pattern of sexual abuse in Gauna's youth. Gauna was sexually abused by an older boy when he was ten years old. Shortly after being abused himself, he began sexually abusing young children. When Gauna was ten years old he sexually assaulted a four- or five-year-old relative, and when he was twelve he molested a three-year-old girl who was staying at his house. When Gauna was fifteen years old, he was arrested and convicted of sexually assaulting a five-year-old boy.

¶7    The psychosexual evaluation classified Gauna as a morally indiscriminate, situational offender. This type of offender looks for opportunity and vulnerability and often uses lure, force, or manipulation. The psychosexual evaluation concluded that the

3

March 3, 2010 assault was a premeditated offense and not an act of impulse. The psychosexual evaluation determined that Gauna had a high risk of a committing a future sexual or violent offense and recommended designating him as a Tier III Sex Offender.

¶8 The State recommended a sentence of 100 years in the Montana State Prison with fifty years suspended and imposition of the mandatory minimum twenty-five year parole restriction. Gauna acknowledged at the sentencing hearing that he needs help and that he should be incarcerated. After apologizing for the assault, he told the judge "I can't take back what I did. The only thing that I can do is just . . . get locked up and do my time, do therapy . . . ." Accordingly, Gauna's trial counsel argued for a 100-year sentence with seventy-five years suspended. Gauna's counsel did not, however, seek an exception under § 46-18-222(2), MCA, to the mandatory parole restriction.

¶9 The District Court accepted the State's recommendation. The court concluded that, in a case of this nature, punishment was secondary to protecting other children. At the sentencing hearing, the District Court judge remarked that "[Gauna] has proven that when he's not incarcerated, he's committing new violent sexual felonies against the young children of our state." The court determined that the imposed sentence was necessary to protect other children and that Gauna needs to be supervised at all times for the rest of his life.

¶10 This Court reviews claims of ineffective assistance of counsel under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Bomar v. State*, 2012 MT 163, ¶ 7, 365 Mont. 474, 285 P.3d 396. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's

4

performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, 33 P.3d 877.

¶11 To satisfy the first *Strickland* prong, "'the defendant must show that counsel's representation fell below an objective standard of reasonableness."' *Bomar*, ¶ 7 (quoting *Strickland*, 466 U.S. at 687-688, 104 S. Ct. at 2064). When reviewing trial counsel's performance, judicial scrutiny must be highly deferential. *Bomar*, ¶ 7 (citations omitted). There is a strong presumption that counsel's performance was based on sound strategy and within the broad range of reasonable professional conduct. *Bomar*, ¶ 7 (citations omitted). To establish prejudice under the second *Strickland* prong, a defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Price v. State*, 2007 MT 307, ¶ 12, 340 Mont. 109, 172 P.3d 1236.

¶12 Section 45-5-503(4)(a)(i), MCA, provides that anyone over the age of eighteen who is convicted of sexual intercourse without consent with a child under the age of thirteen is not eligible for parole during the first twenty-five years of imprisonment. Section 46-18-222(2), MCA, provides that mandatory minimum sentences, including the parole restriction in § 45-5-503(4), MCA, do not apply if "the offender's mental capacity, at the time of the commission of the offense for which the offender is to be sentenced, was significantly impaired, although not so impaired as to constitute a defense to the prosecution. . . ."

¶13 Gauna contends that his trial counsel's performance was deficient because there was no possible tactical downside to seeking an exception to the parole restriction under

§ 46-18-222(2), MCA. He further contends that there is a reasonable probability that he would have been granted an exception to the parole restriction due to his congenital brain damage and cognitive disorders.

¶14 The record does not support Gauna's contention, however, that he was significantly impaired *at the time of the assault*. While the psychosexual evaluation clearly reported Gauna's numerous cognitive disorders, including an impulse disorder, the evaluation also clearly concluded that the assault on March 3, 2010, was premeditated and was not an impulsive act. The psychosexual evaluation classified him as a morally indiscriminate, situational offender who is likely to use lure, force, or manipulation to take advantage of the vulnerable. That is exactly what happened in the weeks leading up to the March 3, 2010 assault.

¶15 Gauna gained his victim's trust and groomed him for two weeks before perpetrating the attack. After his first attempt to meet the victim failed, he rescheduled their meeting and met the victim at his school. Gauna then took the victim to a remote location where they could not be seen and sexually assaulted him. The District Court judge characterized Gauna as a predator who needs to be supervised at all times for the rest of his life. Gauna's calculating and manipulative efforts make it unlikely that the District Court would have excepted him from the mandatory minimum twenty-five year parole restriction.

¶16 Additionally, we do not agree with Gauna's contention that there could be no tactical disadvantage to asking for an exception to the parole restriction. Gauna's trial counsel may have declined to seek a parole restriction exception to gain credibility with

6

the judge when he asked for seventy-five years of the sentence to be suspended. Gauna's counsel may have determined that it was unlikely that the judge would have both granted Gauna a parole restriction exception and suspend seventy-five years of his sentence. Gauna's trial counsel may not have wanted to appear as if he was asking for too lenient of a sentence in light of the nature of this crime and Gauna's history of child sexual assault. Given the strong presumption that counsel's performance was based on sound strategy, Gauna has not demonstrated that counsel's representation fell below an objective standard of reasonableness.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that Gauna did not receive ineffective assistance of counsel from his trial counsel.

¶18 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS