

DA 11-0706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 85N

KIRK R. MOLDER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 08-500
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kirk R. Molder, Sr. (self-represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Kory Larsen, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  February 13, 2013
Decided:  April 3, 2013

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kirk R. Molder (Molder) appeals from an Order from the Montana Eighth Judicial District Court, Cascade County, that denied his Petition for Postconviction Relief. The issue on appeal is whether the District Court properly concluded that Molder had failed to prove that he had received ineffective assistance of counsel and was, therefore, not entitled to relief. We affirm.

¶3 On November 10, 2004, a jury convicted Molder of five counts of Sexual Intercourse Without Consent and four counts of Incest. For each count, the District Court sentenced Molder to 75 years in the Montana State Prison with the terms to run concurrently. Molder appealed, arguing that the trial court should have continued the trial because counsel was not prepared and because he and his attorney disagreed on the trial strategy. This Court affirmed his convictions in February of 2007. *State v. Molder*, 2007 MT 41, 336 Mont. 91, 152 P.3d 722.

¶4 Molder filed a Petition for Postconviction Relief on April 14, 2008. The District Court appointed counsel to assist Molder with his petition. On July 29, 2010, Molder filed an Amended Petition for Postconviction Relief in which he claimed that he had received ineffective assistance from his trial counsel for a litany of reasons. Molder also argued that,

should the District Court determine that any of his claims were record based and thus procedurally barred, then his appellate counsel was ineffective for failing to raise those issues on direct appeal.

¶5 Specifically, Molder argued that his trial counsel, who has since died, was ineffective because he: 1) refused to offer into evidence certain medical examination reports; 2) refused to offer evidence and elicit testimony regarding one of the victim's prior sexual conduct to explain the victim's genital injuries; 3) failed to elicit testimony regarding the victims' prior sexual conduct to establish a motive for them to fabricate the allegations; 4) failed to challenge his Incest charges with a prior court order from a Youth in Need of Care proceeding that established that he had no legal relationship to the victims that would entitle him to participate in that proceeding; 5) failed to seek a specific unanimity instruction; 6) failed to object to the prosecutor's definition of "reasonable doubt" during voir dire; 7) failed to challenge certain prospective jurors for cause; 8) failed to object to a detective's testimony that he thought the victims had been coached to deny abuse; and 9) failed to challenge the State's rebuttal child sexual abuse expert. In addition to claiming that he had been prejudiced by each supposed error, Molder also claimed that he had been prejudiced by his trial counsel's cumulative errors.

¶6 The District Court held an evidentiary hearing on October 5, 2011. At the conclusion of the hearing, the District Court denied a number of Molder's claims. The court determined at the hearing that the question of whether Molder could be charged with Incest was not the same question as whether he had parental rights that would allow him to participate in the victims' Youth in Need of Care proceedings. The court also concluded that Molder's

counsel had no reason to object to the prosecution's comments during voir dire regarding what a "reasonable doubt" means, and there was no basis for Molder's complaint about trial counsel's performance while selecting the jury. Lastly, the court denied Molder's claim that his trial counsel provided ineffective assistance by failing to challenge the detective's testimony because his counsel did, in fact, object to the testimony. The District Court took the rest of Molder's claims under advisement.

¶7 The District Court denied the remaining claims in a detailed written order issued on January 18, 2012. The court concluded that it was sound trial strategy for Molder's counsel to refuse to offer into evidence the medical records that Molder wanted admitted. Those records had little exculpatory value and even Molder admitted that they would have been problematic if put in front of the jury. Instead, Molder's counsel addressed the records while questioning witnesses and during closing arguments.

¶8 The court also determined that Molder's counsel did not err by refusing to offer evidence of the victims' prior sexual conduct to impeach the victims and to offer an alternative explanation for one of the victim's injuries. The court held, and we agree, that the evidence that Molder wanted admitted was inadmissible under § 45-5-511(2), MCA, Montana's Rape Shield Statute.

¶9 The court also concluded that trial counsel's performance was not deficient for failing to request a unanimity instruction because, "there was in fact no genuine possibility whatsoever that different jurors would conclude that Molder committed disparate illegal acts subsumed under the single count [without a unanimity instruction]." Lastly, the court determined that Molder's trial counsel's performance was not deficient for failing to

challenge the State's rebuttal child sexual abuse expert because counsel did, in fact, register a number of objections to the expert's testimony. Counsel specifically advised the jury that he had made a strategic tactical decision not to cross-examine the expert and instead address the testimony during his closing argument. The District Court found that decision to be objectively reasonable.

¶10 Molder appeals the denial of each of his claims. A defendant claiming ineffective assistance of counsel must prove that counsel's representation was deficient and that counsel's deficient performance prejudiced the defense. *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, 33 P.3d 877; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052. Counsel's performance was deficient if it fell below "an objective standard of reasonableness." *State v. Roedel*, 2007 MT 291, ¶ 42, 339 Mont. 489, 171 P.3d 694. The defendant must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance and was based on sound trial strategy. *Whitlow*, ¶ 17. The defendant was prejudiced by counsel's performance if, but for the unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Price v. State*, 2007 MT 307, ¶ 12, 340 Mont. 109, 172 P.3d 1236; *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

¶11 After reviewing the record and the District Court's Orders, we conclude that the District Court correctly determined that all of Molder's claims lacked merit. Molder has failed to establish that his trial counsel's performance was deficient or that he suffered prejudice as a result of counsel's performance. Further, given that he cannot establish that counsel was deficient at trial, Molder cannot meet his burden of establishing that his counsel

5

on appeal was deficient for failing to raise these same issues. The gravamen of the issues raised in Molder's Petition for Postconviction Relief was the basis for the issues that he raised on direct appeal in 2005. The Court held specifically that, "[w]e cannot determine, on the record presented, that counsel's strategy was unreasonable." *Molder*, ¶ 26.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law, and we find no reason in fact or law to disturb the District Court's order.

¶13 For the reasons stated above and for the reasons set forth by the District Court, the denial of Molder's Petition for Postconviction Relief is affirmed.

/S/ MIKE McGRATH

We concur:
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE

6