DA 12-0390

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 137N

LOUIS DeROSIER,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-11-1037
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Briana E. Schwandt, Smith & Stephens, P.C.,
Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Patricia Bower, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  April 10, 2013

Decided:  May 21, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by noncitable memorandum opinion and shall not be cited and does not serve as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Louis DeRosier was convicted of felony DUI in 2010. Here, he petitioned the Fourth Judicial District Court, Missoula County, for postconviction relief on grounds that he received ineffective assistance of counsel at his trial. We affirm the District Court's decision dismissing DeRosier's petition for postconviction relief.

¶3 DeRosier raises three issues on appeal. He contends he was denied effective assistance in that his trial counsel failed to move to suppress his pre- and post-*Miranda* statements to police. He also contends he received ineffective assistance in that his trial attorney failed to object to the admission of those statements or to the prosecutor's reference to them at trial, and failed to object to comments the prosecutor made during closing argument about DeRosier's credibility.

¶4 Claims of ineffective assistance of counsel are reviewed under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). To prevail on a claim of ineffective assistance, a defendant must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, 33 P.3d 877. If the

2

defendant fails to make a sufficient showing on one prong of the *Strickland* test, then there is no need to address the other prong. *Bomar v. State*, 2012 MT 163, ¶ 8, 365 Mont. 474, 285 P.3d 396. Ineffective assistance claims present mixed questions of law and fact that we review de novo. *Rogers v. State*, 2011 MT 105, ¶ 12, 360 Mont. 334, 253 P.3d 889.

¶5 As to the first two issues on appeal, the District Court ruled that DeRosier had not satisfied the prejudice prong of the *Strickland* test. The inquiry under this prong of the test focuses on whether counsel's allegedly deficient performance renders the trial result unreliable or the proceeding fundamentally unfair. *State v. Jefferson*, 2003 MT 90, ¶ 53, 315 Mont. 146, 69 P.3d 641. In this case, the District Court observed that the State had presented strong evidence that DeRosier was impaired, other than the evidence relating to his statements to police. The arresting officer testified that he observed DeRosier speeding 15 miles per hour over the limit, and that DeRosier smelled of alcohol, his movements were unsteady, and his eyes were bloodshot and glassy. The officer also testified that DeRosier exhibited four out of six alcohol impairment signs on the horizontal gaze nystagmus test, and performed poorly on field sobriety maneuvers. The jury viewed a video of DeRosier's processing at the jail, which showed him holding the wall repeatedly, and throwing his arms out and weaving while attempting the walk and turn. Also, DeRosier testified at trial that he had consumed four "twisted ice teas" before his arrest. Because DeRosier claims he would not have testified at his trial if a motion to suppress had been filed and granted, we have not considered his testimony in relation to these issues. We conclude that, even disregarding DeRosier's trial testimony, DeRosier

3

has failed to establish a reasonable probability that, but for counsel's failure to move to suppress or object to the admission of DeRosier's pre- and post-*Miranda* statements, the result of the proceeding would have been different. Therefore, further analysis of the first two issues on appeal is unnecessary.

¶6 The third issue in this appeal, regarding prosecutorial misconduct, should have been raised in the trial court and on direct appeal of DeRosier's conviction, but it was not. Nor was it raised in the postconviction proceeding in the District Court. As a result, this claim is barred under § 46-21-105(2) and (3), MCA, and also has been waived—*see State v. Gouras*, 2004 MT 329, ¶ 26, 324 Mont. 130, 102 P.3d 27.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Upon de novo review, we conclude that DeRosier has not established that he was denied effective assistance of counsel. The decision of the District Court is affirmed.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON

4